IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON B. WRIGHT,

        Plaintiff,

                                            CIVIL ACTION
   vs.                                        No. 04-3350-GTV

ROGER WERHOLTZ, et al.,

        Defendants.

ORDER

This matter is before the court on plaintiff's motion to reconsider the order of dismissal (Doc. 5). Because the motion was filed within ten days from the entry of judgment, the court liberally construes it as a motion to alter or amend judgment pursuant to Rule 59(e), Fed. R. Civ. P. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Generally, a motion to alter or amend judgment may be granted where there has been an intervening change in the law, where there is new evidence, to correct clear legal error, or to prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

The court dismissed this matter due to plaintiff's failure to bring this action within the two-year limitation period applicable to an action brought in this district pursuant to 42 U.S.C. 1983. See Baker v. Board of Regents of State of Kansas, 991 F.2d 628 (10th Cir. 1993)

The record shows plaintiff was convicted in 1996 and that he completed payments for court costs, restitution, and related matters in January 2001.[1]  He filed this action in October 2004, alleging that he had been deprived of funds and subjected to multiple punishments.  The matter was dismissed as untimely filed.

The court interprets plaintiff's argument in the motion to alter or amend to contend that he was unable to file the action within the two-year time frame because he first had to exhaust state court remedies.  This argument may be based upon Heck v. Humphrey, 512 U.S. 477 (1994), in which the United

---

[1] The complaint states that payments were complete on the "debt restitution" in early January 2001, and that debt collection continued on additional obligations until January 2002. (Doc. 1, pp. 1-2.)  The state district court found that funds were withheld between July 2000 and September 2001 (Doc. 1, Attach. Mem. Decision, Wright v. McKune, Case No. 2003CV486, Leavenworth County Dist. Ct. 6/23/2004, p. 2.)

States Supreme Court held that a prisoner may not bring a civil action that undermines the validity of the prisoner's conviction unless "the conviction or sentence has been reversed on direct appeal, expunged...declared invalid...or called into question by a ... writ of habeas corpus." 412 U.S. at 486-87.  The court finds no merit to this claim, as plaintiff's claims concerning the collection of funds pursuant to an order by the Kansas Crime Victims Compensation Board and pursuant to plaintiff's agreement with his employer do not implicate the validity of his conviction or sentence.

Alternatively, plaintiff may contend the statute of limitations was tolled during his use of administrative remedies.  However, plaintiff did not pursue administrative remedies in a timely manner, nor did he commence his state habeas corpus action pursuant to K.S.A. 60-1501 within the time allowed by statute.  (Doc. 1, Attach. Memorandum Decision, <u>Wright v. McKune</u>, Case No. 2003CV486, Leavenworth County Dist. Ct. 6/23/2004.)[2]  The court finds no basis to conclude

---

[2] The thorough order entered by the state district court explains (1) that the funds in question were removed from plaintiff's account approximately 3 years prior to the filing of the habeas action, (2) the plaintiff did not pursue administrative grievances until approximately 18

the limitation period was tolled.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to reconsider (Doc. 5) is liberally construed as a motion to alter or amend the judgment and is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 12th day of May, 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge

---

months after the final payment was withheld, despite the requirement that a grievance be filed within 15 days of the date of discovery of events giving rise to the grievance, and (3) the plaintiff did not file the action pursuant to K.S.A. 60-1501 within 30 days of the final action by the institution, as required by state statute.